UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARISU VIVAS,                                                                           Civil Action No. 21-cv-4302

                        Plaintiff,

   -against-                                                                                **COMPLAINT**

ULTIMATE CARE, INC.
ALICIA TORRES, individually, and
ERNESTO CARMONA, individually,

                                                                          Plaintiff Demands a Trial
                                                                      By Jury

                        Defendants.
------------------------------------------------------------------------X

Plaintiff, MARISU VIVAS, (hereinafter referred to as "Plaintiff" or "VIVAS"), by and through Plaintiff's attorneys, **DEREK SMITH LAW GROUP, PLLC,** as and for Plaintiff's Complaint in this action against the Defendants, (hereinafter collectively referred to as Defendants), respectfully alleges as follows upon information and belief:

## NATURE OF THE CLAIMS

1. This action is brought to remedy, *inter alia*, Defendants' unlawful discrimination against Plaintiff VIVAS with respect to Plaintiff's employment on the basis of race, color, national origin, sex/gender, citizenship, along with a hostile work environment, sexual harassment, retaliation, and wrongful termination as a result of Plaintiff's opposition to these unlawful practices. Through their unlawful and discriminatory conduct, Defendants violated, *inter alia*, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et. Seq. ("Title VII"), 42 U.S.C. §1981, New York Executive Law, § 290, et seq. (NYHRL), the Administrative Code of the City of New York 8-107 et seq. ("NYCHRL"); intentional infliction of emotional

distress, and any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that the action involves federal questions, because the causes of action asserted herein arise in part under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C § 2000e et. Seq. ("Title VII"), and 42 U.S.C. § 1981 ("1981"), to remedy violations of the laws of the State of New York and City of New York based upon Federal Questions and the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being discriminated against, retaliated against, and unlawfully terminated by Plaintiff's former employer on the basis of Plaintiff's race, color, sex/gender, and national origin, as well as a hostile work environment.

3. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Around October 8, 2020, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC).

5. The EEOC issued a Notice of Right to Sue letter on May 3, 2021.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Eastern District of New York.

## PARTIES

8. Plaintiff, MARISU VIVAS (hereinafter "VIVAS") is an Hispanic female of Venezuelan national origin.

9. At all times material, Defendant ULTIMATE CARE INC. employed Plaintiff VIVAS as a full-time home health aide.

10. At all times material, Defendant ULTIMATE CARE INC. hereinafter referred to as ("ULTIMATE CARE") is a domestic business corporation with its principal place of business located at 1000 Gates Avenue, Brooklyn, New York 11221. Defendant ULTIMATE CARE is a licensed home care agency.

11. At all times material, Defendant ULTIMATE CARE was, and still is, a domestic business corporation authorized to do business in the state of New York.

12. At all times material, Defendant ALICIA TORRES (hereinafter referred to as "DEFENDANT TORRES") was Plaintiff's supervisor and employed by Defendant ULTIMATE CARE as its Home Health Aide Coordinator/Supervisor.

13. Defendant TORRES held a supervisory position at Defendant ULTIMATE CARE controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

14. At all times material, Defendant ERNESTO CARMONA (hereinafter referred to as "DEFENDANT CARMONA") is a male, client of DEFENDANT ULTIMATE CARE.

15. At all times material, DEFENDANT ULTIMATE CARE assigned Plaintiff to DEFENDANT CARMONA.

16. At all times material, Defendants meet the definition of an "employer" under all applicable state and local statutes.

## FACTUAL ALLEGATIONS

17. Around October of 2019, Defendant ULTIMATE CARE hired Plaintiff as a Home Health Aide.

18. Around October 31, 2019, Defendant assigned Plaintiff to care for CARMONA at his residential address every Monday through Friday from 9 a.m. to 4 p.m.

19. Around November 26, 2019, DEFENDANT CARMONA routinely asked Plaintiff if she had a female friend for him because he was lonely and wanted companionship. DEFENDANT CARMONA repeated this request approximately ten (10) times.

20. At all times material, Plaintiff told DEFENDANT CARMONA that she is a married woman who works full time and was uncomfortable by DEFENDANT CARMONA's questions.

21. In November 2019, DEFENDANT CARMONA told Plaintiff on several occasions that he would be willing to pay $100 an hour for a 'friend' to keep him company. DEFENDANT CARMONA repeated this request approximately ten (10) times.

22. DEFENDANT CARMONA and DEFENDANT ULTIMATE CARE discriminated against Plaintiff on the basis of her sex/gender and subjected Plaintiff to sexual harassment.

23. Around December 2019, while Plaintiff was working at DEFENDANT CARMONA's home, DEFENDANT CARMONA grabbed and rubbed his penis on top of his pants on a couch adjacent to Plaintiff.

24. DEFENDANT CARMONA's lewd action horrified Plaintiff, causing Plaintiff to immediately exit the room.

25. On approximately three (3) additional occasions, DEFENDANT CARMONA grabbed and rubbed his penis on top of his pants in front of Plaintiff.

26. Plaintiff was afraid to return to work at DEFENDANT CARMONA's home.

27. DEFENDANT ULTIMATE CARE failed to have a policy and procedure to protect Plaintiff from sexual harassment by patients.

28. Plaintiff was unaware of any policy or procedure to protect her from DEFENDANT CARMONA'S lewd behavior.

29. Around December 2019, DEFENDANT CARMONA grabbed and rubbed his penis on top of his pants in front of Plaintiff until he had an erection. DEFENDANT CARMONA then said *"I got it up now what are we going to do about it?"*

30. Disgusted and repulsed, Plaintiff went into a different room until the end of her shift. Horrified by DEFENDANT CARMONA's lewd actions, Plaintiff frantically called her husband.

31. Around February 2020, DEFENDANT CARMONA laid on a couch adjacent to Plaintiff and began grabbing and rubbing his penis on top of his pants, ***DEFENDANT CARMONA then exposed his penis to masturbate in front of Plaintiff.***[1]

32. Plaintiff was horrified and ran away from DEFENDANT CARMONA, and into the kitchen.

33. Once on the couch again, ***DEFENDANT CARMONA again took out his penis and deliberately masturbated in Plaintiff's line of vision.***

---

[1] Plaintiff has a recording to support this statement.

5

34. After leaving DEFENDANT CARMONA's apartment, Plaintiff called her supervisor DEFENDANT TORRES to complain about DEFENDANT CARMONA's sexual harassment and discriminatory behavior. However unbeknownst to Plaintiff, DEFENDANT ULTIMATE CARE changed Plaintiff's supervisor. Therefore, Plaintiff complained to a Coordinator Assistant for DEFENDANT ULTIMATE CARE whom answered the phone.

35. DEFENDANT ULTIMATE CARE's Coordinator Assistant informed Plaintiff that she needed to finish the week caring for DEFENDANT CARMONA, ignoring Plaintiff's fear of returning to DEFENDANT CARMONA's home given that DEFENDANT CARMONA's behavior was escalating.

36. Defendants subjected Plaintiff to sexual harassment and a hostile work environment and failed to take any remedial measures.

37. Defendants discriminated against Plaintiff on the basis of her sex/gender.

38. The next day, Plaintiff nervously and fearfully returned to DEFENDANT CARMONA's home.

39. At the end of Plaintiff's shift, Plaintiff called DEFENDANT ULTIMATE CARE again to complain. This time Plaintiff spoke with DEFENDANT TORRES. DEFENDANT TORRES told Plaintiff to come into the office the next day.

40. Upon arriving at the office, Plaintiff met with DEFENDANT TORRES and DEFENDANT TORRES's Supervisor. Plaintiff complained about DEFENDANT CARMONA's behavior and showed the video of DEFENDANT CARMONA masturbating.

41. Although DEFENDANT TORRES's Supervisor assured Plaintiff that DEFENDANT ULTIMATE CARE would take action against DEFENDANT CARMONA, DEFENDANT TORRES's Supervisor advised Plaintiff to delete the video and that DEFENDANT TORRES's Supervisor would call Plaintiff in 2-3 weeks to see if she had deleted the video.

42. DEFENDANT TORRES assured Plaintiff that DEFENDANT ULTIMATE CARE would find Plaintiff a new work site.

43. Around March 10, 2020, Plaintiff submitted her immigration status/application for employment authorization to DEFENDANT ULTIMATE CARE.

44. DEFENDANT ULTIMATE CARE retaliated against Plaintiff for making a complaint and failed to assign Plaintiff to a new position.

45. When Plaintiff called DEFENDANT ULTIMATE CARE for an update on the investigation with DEFENDANT CARMONA and her new work site, DEFENDANT TORRES informed Plaintiff that another Home Health Aide was assigned to DEFENDANT CARMONA and offered Plaintiff temporary or fill in shifts, working between 5-10 hours a week.

46. DEFENDANT ULTIMATE CARE was aware that Plaintiff needed to work a minimum of 35 hours per week.

47. DEFENDANT ULTIMATE CARE retaliated against Plaintiff for engaging in a protected activity by changing Plaintiff's position from a permanent schedule to a less desirable, temporary and/or floating schedule.

48. In April 2020, DEFENDANT ULTIMATE CARE discriminated against Plaintiff on the basis of her race, national origin and citizenship and in retaliation for Plaintiff's complaints of sexual

harassment, hostile work environment, and discrimination, by removing Plaintiff from the schedule entirely due to her immigration status.

49. DEFENDANT ULTIMATE CARE unlawfully terminated for pretextual reasons as Plaintiff timely submitted her immigration authorization to work paperwork around March 10, 2020.

50. DEFENDANT ULTIMATE CARE refused to accept Plaintiff's assurance that she was approved of a renewal Work Permit with a temporary paper confirming so and was waiting for the actual ID in the mail.

51. DEFENDANT ULTIMATE CARE blatantly retaliated against and ultimately terminated Plaintiff by cutting her hours and thereafter complaining about the reduction of hours after she made a complaint of sexual harassment, discrimination and a hostile work environment.

52. DEFENDANT ULTIMATE CARE violated Plaintiff's federally protected right to complain against sexual harassment and sex/gender discrimination in the workplace by retaliating against Plaintiff and unlawfully terminating her employment.

53. DEFENDANT ULTIMATE CARE never notified Plaintiff to resolve the issue with DEFENDANT CARMONA and failed to make any attempts to place Plaintiff in another full-time work site.

54. DEFENDANT ULTIMATE CARE discriminated against Plaintiff regarding her citizenship, race, color, and national origin, claiming they could not employ her based on a work permit to be expired which was untrue.

55. Defendants discriminated against and terminated Plaintiff on the basis of Plaintiff's sex/gender, race, color, and national origin, and because Plaintiff complained or opposed the unlawful conduct of Defendants related to the above protected classes.

56. Defendants retaliated against Plaintiff for engaging in protected activity.

57. The above are just some examples of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff on a frequent and ongoing basis throughout Plaintiff's employment.

58. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments.

59. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

60. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

61. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

62. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants, jointly and severally.

63. Plaintiff claims unlawful constructive and/or unlawful actual discharge and also seeks reinstatement.

64. Plaintiff claims alternatively (in the event that Defendants claim so or the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

65. Plaintiff claims a continuous practice of discrimination and retaliation and makes all claims herein under the continuing violations doctrine.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (As against the Defendant Ultimate Care Not Against Individual Defendants)

66. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

67. Title VII states in relevant part as follows:

    (a) Employer practices: It shall be an unlawful employment practice for an employer:

       (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

68. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant. Among other discriminatory comments and conduct, DEFENDANT ULTIMATE CARE discriminated against Plaintiff on the basis of Plaintiff's race, color, national origin, sex, gender, and citizenship and creating a hostile work environment. Plaintiff complains of DEFENDANT ULTIMATE CARE's violations of

Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, color, sex, or national origin.

69. DEFENDANT ULTIMATE CARE engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

70. DEFENDANT ULTIMATE CARE violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### (As against the Defendant Ultimate Care and Not Against Individual Defendants)

71. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

72. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

73. DEFENDANT ULTIMATE CARE engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

74. DEFENDANT ULTIMATE CARE violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981
## (AGAINST ALL DEFENDANTS)

75. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

76. 42 U.S. Code § 1981 - Equal rights under the law states provides:

    (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

    (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

    (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

77. Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving Hispanic individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

78. As a result of Defendants' discrimination in violation of § 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation,

distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

79. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

80. Defendants violated the above and Plaintiff suffered numerous damages as a result.

81. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42 U.S. Code § 1981.

82. Plaintiff claims Defendants both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NYHRL
## (AGAINST ALL DEFENDANTS)

83. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

84. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

85. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of Plaintiff's race, color, national origin, citizenship, sex/gender as well as creating a

13

hostile work environment and wrongfully terminating Plaintiff based on Plaintiff's membership in the aforementioned protected classes.

86. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law § 296.

87. Defendants violated the above and Plaintiff suffered numerous damages as a result.

<b>AS A FIFTH CAUSE OF ACTION<br>
FOR RETALIATION UNDER NYHRL<br>
(AGAINST ALL DEFENDANTS)</b>

88. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

89. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

90. Defendants engaged in an unlawful discriminatory practice by retaliating, terminating, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

91. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law§296.

92. Defendants violated the above and Plaintiff suffered numerous damages as a result.

<b>AS A SIXTH CAUSE OF ACTION<br>
FOR AIDING AND ABETTING UNDER NYHRL<br>
(AGAINST ALL DEFENDANTS)</b>

93. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

94. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

95. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

96. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law §296.

97. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

98. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

99. The Administrative Code of the Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

100. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

101. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

102. Defendants violated the above and Plaintiff suffered numerous damages as a result.

15

## AS AN EIGHTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

103. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

104. The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

105. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

106. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

107. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION FOR AIDING AND ABETTING
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

108. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

109. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

110. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

111. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

112. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TENTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

113. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

114. New York City Administrative Code Title 8-107(19) Interference with protected rights states, in relevant part: It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

115. Defendants violated the section cited herein as set forth.

116. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN ELEVENTH CAUSE OF ACTION FOR SUPERVISOR LIABILITY
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

117. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

118. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    i. The employee or agent exercised managerial or supervisory responsibility; or

    ii. The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    iii. The employer should have known of the employee's or agents discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

119. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TWELFTH CAUSE OF ACTION**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

120. Plaintiff repeats, alleges, and hereby incorporates by reference the preceding allegations contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

121. DEFENDANT CARMONA's behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

122. DEFENDANT CARMONA's conduct was so outrageous in character and extreme in degree to go beyond all possible bounds of decency.

123. Defendants intentionally discriminated against Plaintiff thereby destroying or injuring the right of Plaintiff to receive the benefits of becoming a Server.

124. Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

125. As a direct result of the Defendants' actions, Plaintiff has suffered substantial damages in the amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Date:   July 31, 2021
        New York, New York

                                    Respectfully Submitted,
                                    **DEREK SMITH LAW GROUP, PLLC.**
                                    Attorneys for Plaintiff

                                BY: /s/ Melissa Mendoza
                                    Melissa Mendoza, Esq.
                                    1 Pennsylvania Plaza, 49th Floor
                                    New York, New York 10119
                                    (212) 587-0760

## CERTIFICATE OF SERVICE

    I, Melissa Mendoza, hereby certify that on July 31, 2021, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Court's Local Rules, and/or the Court's Rules on Electronic Service, which will send notification of such public filing to all counsel registered to receive such notice.

_____
Melissa Mendoza